John W. BULL, et al., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–56 C.

United States Court of Federal Claims.

Oct. 14, 2005.

*ORDER*

David L. Kern, El Paso, TX, for plaintiffs. Mark Louis Greenwald, San Antonio, TX, of counsel.

Christian J. Moran, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for defendant. Robert Humphries and Christopher J. Duncan, Department of Homeland Security, United States Customs and Border Protection, El Paso, TX, of counsel.

HEWITT, Judge.

Before the court are Defendant's Motion to Clarify Court's Decision (Def.'s Mot.), Plaintiffs' Response to Defendant's Motion to Clarify Order (Pl.'s Resp.), and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Clarification (Def.'s Reply). Defendant requests the court to clarify one aspect of its September 27, 2005 Opinion and Order (Slip Op. or Opinion), namely the amount of overtime compensation to which three representative plaintiffs, Messrs. Bailey, Kruzel, and Leuth, are entitled under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (2000) (FLSA), for constructing training aid containers. Def.'s Mot. at 1, 3.

I. Background

In its Opinion, the court concluded "that the representative plaintiffs are entitled to compensation under the FLSA [for] ... [c]onstructing training aids: 1.5 hrs./wk." Slip Op. at 94. However, representative plaintiffs Bailey, Kruzel, and Leuth claimed compensation based on an amount of time less than the amount of time that the court found to be reasonable for the off-the-clock work involved in the construction of training aid containers. Def.'s Mot. at 1–2. Specifically, Mr. Bailey claimed compensation for 1 hour per week (hr./wk.) from January 6, 2001 through July 31, 2004, of which the court awarded compensation until April 1, 2003,[1] Slip Op. at 62 (citing Transcript of Trial (Tr.) at 117; Trial Exhibit (Ex.) 136 (Bailey Damages Spreadsheet)); Mr. Kruzel claimed compensation for 1.25 hrs./wk. from September 6, 1997 through July 3, 2004, Slip Op. at 94 (citing Tr. at 362; Ex. 952 (Kruzel Damages Spreadsheet)); and Mr. Leuth claimed compensation for .17 hrs./wk. from September 6, 1997 through October 20, 2001, Slip Op. at 62 (citing Ex. 990 (Leuth Damages Spreadsheet)); *see also* Tr. at 619–20 (Leuth, testifying that he built "[a]pproximately 25 to 30 [training] aids a week").

---

1. Mr. Bailey was also denied compensation for thirty days following September 11, 2001. 68 Fed.Cl. at 248 n. 34 (citing Tr. at 209, 211, 215), 253 n. 40.

## II. The Parties' Arguments

Defendant argues that "the Court intended to award compensation for a *maximum* of 1.5 hours per week for creating containers for training aids and that the Court did not award plaintiffs more compensation than they actually worked or claimed." Def.'s Mot. at 2 (emphasis in original). To hold otherwise, defendant argues, would allow these plaintiffs to "receive an inappropriate windfall." Def.'s Mot. at 3 (citing *Hansen Bancorp, Inc. v. United States,* 367 F.3d 1297, 1315 (Fed.Cir.2004)); Def.'s Reply at 2. Plaintiffs respond that "when, as here, an employer fails to maintain records of the amount of off-the-clock work performed, a court may award plaintiffs '*approximate damages* ... in the amount of ... their unpaid overtime compensation.'" Pl.'s Resp. at 3 (emphasis in original) (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 688, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). Thus, because the "the circumstantial evidence in the case strongly points to a conclusion that 1.5 hours per week is reasonably required to perform the off-duty work of constructing training aid containers," Pl.'s Resp. at 3, plaintiffs argue that the court should compensate these plaintiffs for this amount of time despite the fact that their individual claims are for less, Pl.'s Resp. at 4.

## III. Discussion

The parties' arguments concern the court's use of the "reasonableness" requirement for compensable overtime work performed. *See generally* 68 Fed.Cl. at 227–28. The case law discussing the reasonableness requirement for compensable overtime work generally refers to the requirement as a limitation on allowable compensation for off-duty activities. For example, in *Holzapfel v. Town of Newburgh,* the United States District Court for the Southern District of New York found that "if a [canine] officer's specific exertions, even though of a type that would generally be compensable, *exceed* reasonable limits, they cannot be considered integral and necessary and therefore do not constitute work.... [I]n order to be compensable, *the amount of overtime an employee claims to have spent* on efforts related to the employee's principle activities must be reasonable." 950 F.Supp. 1267, 1273–74 (S.D.N.Y.1997) (emphasis added), *rev'd in part on other grounds,* 145 F.3d 516 (2d Cir.1998). Similarly, in *Hellmers v. Town of Vestal,* the United States District Court for the Northern District of New York noted that "in order for an activity to be an 'integral and indispensable part of the principal activities for which covered workmen are employed,' the amount of overtime an employee claims to have spent must be reasonable in relation to the principal activity itself. Accordingly, the Court ... concludes that if an employee's activities (both canine and non-canine), even though of a type that would generally be compensable, *exceed* reasonable limits, they cannot be considered integral and necessary, and therefore do not constitute 'work' under the FLSA." 969 F.Supp. 837, 844 (N.D.N.Y.1997) (emphasis added) (quotations and citations omitted). The policy underlying the reasonableness requirement in these cases is to "ensure[ ] that plaintiffs are actually serving their employers' benefit rather than padding their hours or shirking their responsibilities.... Thus, although the Court recognizes that plaintiffs have worked overtime hours for which they have not received compensation, they will not receive compensation for hours that are unreasonable." *Albanese v. Bergen County,* 991 F.Supp. 410, 424 (D.N.J.1998) (citing *Hellmers,* 969 F.Supp. at 844).

■ However, as plaintiffs argue, the reasonableness requirement is also used as a benchmark for courts to assess the amount of overtime compensation to which a plaintiff is entitled where that amount is uncertain or unrecorded by his or her employer. *See* Pl.'s Resp. at 3 ("[A] court may award plaintiffs 'approximate damages' ... because the impreciseness of the damage claim stems from the employer's deficient records and not from any fault on the part of the Plaintiffs.") (citing *Mt. Clemens Pottery,* 328 U.S. at 688, 66 S.Ct. 1187; *Castillo v. Givens,* 704 F.2d 181, 194–95 (5th Cir.1983); *Fegley v. Higgins,* 19 F.3d 1126, 1132–33 & n. 8 (6th Cir.1993); *McLaughlin v. Ho Fat Seto,* 850 F.2d 586, 589 (9th Cir.1988)); *see also Albanese,* 991 F.Supp. at 424 ("Moreover, if the Court does not adopt the reasonableness

standard, it will have to adopt plaintiffs' guess of how many hours they worked because they do not know the exact number of hours they worked."). Where, as here, an employer has not kept proper and accurate records of overtime work performed by its employees, the employees must approximate the number of overtime hours they worked and "produce[ ] sufficient evidence to show the amount and extent of [hours worked] as a matter of just and reasonable inference." *Mt. Clemens Pottery,* 328 U.S. at 688, 66 S.Ct. 1187. The burden then shifts to the employer "to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* If the defendant fails to negate the reasonableness of this inference, courts have concluded that "[e]mployees are entitled to compensation for reasonable time (rather than actual time) required ...." *Reich v. IBP,* 820 F.Supp. 1315, 1324 (D.Kan. 1993), *aff'd and remanded,* 38 F.3d 1123 (10th Cir.1994); *accord Mt. Clemens Pottery,* 328 U.S. at 688, 66 S.Ct. 1187 ("If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.").

█ Neither party has cited, nor is the court aware of, any precedent in which plaintiffs, either by testimony and/or, as here, filings with the court, claimed a specific amount of overtime work performed and a court awarded those plaintiffs more than that specific amount for the reason that the court had determined that the reasonable time to perform the work in question exceeds the exact amount claimed by one or more individual plaintiffs. *Cf. Shelton v. Ervin,* 646 F.Supp. 1011, 1019 (M.D.Ga.1986) (awarding full compensation for the number of overtime hours claimed by the plaintiff though "[i]t is uncontradicted that the number of hours that plaintiff asserts he worked overtime is an approximation based upon circumstantial evidence"). The authority on which defendant relies for the proposition that the representative plaintiffs would receive an "inappropriate windfall" if the court were to award them compensation based on the reasonableness standard, *Hansen Bancorp,* is a breach of contract case. *See Hansen Bancorp,* 367 F.3d at 1301. The court agrees that it would be improper to award contract damages in an amount inconsistent with the terms of the parties' agreement and applicable principles of contract damages law. *See, e.g., Landmark Land Co. v. FDIC,* 256 F.3d 1365, 1373 (Fed. Cir.2001) ("Because the purpose of restitution is to restore the plaintiff to its status quo ante, the award to the plaintiff must be reduced by the value of any benefits that it received from the defendant under the contract, so that only the actual, or net, loss is compensated."). However, contract damages principles are simply not applicable in the context of this case.

Plaintiffs' claims for uncompensated overtime work are, as the Supreme Court has stated, an "approximation." *Mt. Clemens Pottery,* 328 U.S. at 688, 66 S.Ct. 1187; *see* Plaintiffs' Post Trial Brief (Pl.'s Br.) at 7 ("The government kept no records of the off-the-clock work that Bailey and the other CEOs performed. In the absence of such records Bailey and the other Plaintiffs have done their best to reconstruct the time they spent engaged in the off-the-clock, unpaid work activities."); Tr. at 362–63 (Kruzel, explaining how he came to the "average and figure[d] out what I usually spend [constructing training aids] for a week"), 65 (Kruzel, acknowledging that his training-aid claim is an "approximat[ion]"). The court is charged with determining the reasonable time required to perform this uncompensated work. *Mt. Clemens Pottery,* 328 U.S. at 688, 66 S.Ct. 1187; *Reich v. IBP,* 38 F.3d 1123, 1127 (10th Cir.1994). The court recognizes and takes into account the fact that there are individual variations in efficiency, skill, attention to detail, work ethic, schedule, and numerous other relevant circumstances that affect the amount of time required to perform this work off-duty. *See* Slip Op. at 53 n. 31, 63–65. The court believes that in such a situation, as this court held in *Amos v. United States,* "[p]laintiffs are entitled to payment for that amount of time reasonably required to [accomplish these tasks]." 13 Cl.Ct. 442, 450 (Ct.Cl.1987). The reasonableness requirement articulated in *Amos* "makes intuitive sense." *Hellmers,* 969 F.Supp. at 844; *accord Albanese,* 991 F.Supp. at 424 ("Moreover, if the Court does

not adopt the reasonableness standard, it will have to adopt plaintiffs' guess of how many hours they worked because they do not know the exact number of hours they worked."); *Reich*, 38 F.3d at 1127 ("[T]he district court concluded that the workers should be paid on the basis of a reasonable time to conduct these activities ..., rather than the actual time taken. We believe reasonable time is an appropriate measure in this case."). It also makes "intuitive sense" that when, as here, the claims of a group of plaintiffs are before the court, the reasonable time which the court is charged to determine will be more than the approximated time some plaintiffs have claimed and less than the approximated time others have claimed. *Compare* Ex. 1172 (Monistrol Damages Spreadsheet) (Monistrol, claiming 2.5 hrs./wk. for the construction of training aids) *with* Ex. 990 (Leuth Damages Spreadsheet) (Leuth, claiming .17 hrs./wk. for the construction of training aids).

Indeed, such a circumstance is explicitly recognized in *Amos*, where this court concluded that

> [p]laintiffs are entitled to payment for that amount of time reasonably required [to accomplish certain preliminary and postliminary activities].... To rule otherwise would run the risk of rewarding plaintiffs for lack of diligence in [performing these activities] and conversely, *penalizing those of the plaintiffs who may have taken less than a reasonable amount of time in doing these activities.*

13 Cl.Ct. at 450 (emphasis added), *quoted with approval in Reich*, 820 F.Supp. at 1329, *and Hellmers*, 969 F.Supp. at 844. The court agrees with the observation in *Amos* that to limit the representative plaintiffs' awards to the approximate time they claimed it took them to construct training aids-rather than awarding them the amount of time the court determined, based on a variety of factors, to be reasonable-would "penalize" them for taking less time, and thus possibly being more efficient, experienced, or skillful, in constructing training aids off-duty.

Defendant's position that the court's reasonableness determination "states the *maximum* amount of compensation to which a plaintiff is entitled for making containers for training aids," Def.'s Reply at 4, if adopted by the court, would also discourage individual members of groups of plaintiffs from producing candidly to the court information about their individual skills, work histories, experiences, and best "approximations" about time worked on particular tasks. As with the other six overtime activities claimed to have been performed by plaintiffs without compensation, *see* Slip Op. at 39, the court heard extremely detailed testimony describing the overtime construction of training aids performed by plaintiffs, *see generally* Slip Op. at 29–31, 63–65, and took into evidence spreadsheets enumerating each representative plaintiff's approximate time spent performing this work, *see, e.g.*, Ex. 136 (Bailey Damages Spreadsheet); Ex. 952 (Kruzel Damages Spreadsheet); Ex. 990 (Leuth Damages Spreadsheet). Based on all of this evidence and testimony, the court determined a reasonable time on which to base its award. Slip Op. at 65. Plaintiffs are therefore entitled to compensation based on the court's determination of the "amount of time reasonably required," *Amos*, 13 Cl.Ct. at 450, to construct training aid containers off-duty for the benefit of defendant. A reasonable time is not the time any particular plaintiff gives as it best "approximation," *Mt. Clemens Pottery*, 328 U.S. at 688, 66 S.Ct. 1187, or "guess," *Albanese*, 991 F.Supp. at 424, but is instead the time the court determines to be reasonable for the work involved based on the preponderance of the credible evidence presented at trial. In this case, based on the preponderance of the credible evidence presented at trial, the court found that the reasonable time required to construct training aids off-duty is 1.5 hrs./wk. Slip Op. at 65, 94.

## IV. Conclusion

For the foregoing reasons, the court holds that representative plaintiffs Bailey, Kruzel and Leuth are entitled to 1.5 hrs./wk. compensation for constructing training aids off-duty. In accordance with the court's Opinion and this clarification, the parties shall, on or before October 18, 2005, jointly calculate and present to the court the amount of compensation to which each representative plaintiff is

entitled. If for any reason the parties do not agree on any part of such calculations, the parties shall, on or before October 18, 2005, also present to the court such calculations as to which they do not agree, accompanied by specific and complete statements explaining their respective positions and the bases therefor.

IT IS SO ORDERED.