# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3403

_____

|  |  |  |
|---|---|---|
| Myrl Copeland; Stanley Halderman, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| Cynthia Howser, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| Elaine Backes; Steve Reynolds, | * | District of Missouri. |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| ABB, Inc., | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: January 18, 2008
Filed: March 27, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

---

[1] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

ABB, Inc. ("ABB") appeals the district court's[2] partial grant of summary judgment in favor of Cynthia Howser. ABB also appeals from the district court's order awarding attorneys' fees and costs to Howser. For the reasons that follow, we affirm.

## I. BACKGROUND

Cynthia Howser is an hourly employee at ABB's plant in Jefferson City, Missouri. She has received extensive medical treatment for work-related injuries. On September 3, 2004, Howser left work to attend a doctor's appointment, which was scheduled during her regular shift. The purpose of the appointment was to re-evaluate her work-related injury. ABB offered to compensate Howser for the time missed from work to attend the appointment, but said it would deduct that time from her accrued paid leave benefits. Instead, Howser opted to take an unpaid excused absence so she would not lose any accrued paid leave benefits. Because she chose to take an unpaid absence, she was never compensated for the 3.8 hours of time missed due to the appointment. She now alleges that the 3.8 hours are considered "hours worked" under the Fair Labor Standards Act ("FLSA") and that ABB is required to compensate her for this time. ABB claims that it is not required to compensate Howser because ABB did not schedule the appointment or direct Howser to attend it.

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-

The district court granted partial summary judgment[3] in favor of Howser because the undisputed evidence showed that ABB's worker's compensation administrator, Gallagher Bassett Services, Inc. ("Gallagher"), scheduled the appointment. According to the district court, Gallagher is ABB's agent, and therefore ABB was ultimately responsible for directing Howser to attend the appointment. The district court ordered ABB to compensate Howser for the 3.8 hours of time missed and to determine how those additional hours impacted her overtime compensation.

On appeal, ABB claims that Howser failed to present sufficient evidence showing that she attended the September 3 appointment at the direction of the company. Additionally, ABB argues that even if it did set up the appointment through Gallagher, Howser waived her FLSA rights when she chose to take an unpaid excused absence for the time missed. Finally, ABB argues that even if Howser's FLSA rights are non-waivable, she is not entitled to the full 3.8 hours of time missed.

## II.    STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment. See Turner v. Gonzales, 421 F.3d 688, 694 (8th Cir. 2005). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Additionally, "[t]he respondent must do more than rely on allegations or denials in the pleadings . . . ." Hesse v. Avis Rent A Car Sys., 394 F.3d 624, 629 (8th Cir. 2005).

[3]This action was originally filed by seven ABB employees. In the proceedings below, ABB filed a motion for summary judgment, which was granted as to all of the plaintiffs except for Howser. At the same time, Howser and the other plaintiffs filed a motion for partial summary judgment on the issue of liability, which was denied in all respects except as to Howser's September 3 appointment. See Copeland v. ABB, Inc., 2006 U.S. Dist. LEXIS 49158, at *11, 20 (W.D. Mo. Feb. 7, 2006).

## III. DISCUSSION

### A. Whether Howser Attended the Medical Appointment at the Direction of ABB

Under the FLSA, an employer must pay an employee a minimum wage per hour worked. See 29 U.S.C. § 206(a) (2000). Department of Labor regulations state that "[t]ime spent by an employee in waiting for and receiving medical attention on the premises *or at the direction of the employer* during the employee's normal working hours on days when he is working constitutes hours worked." 29 C.F.R. § 785.43 (2007) (emphasis added). ABB argues that it is not required to compensate Howser for the September 3 appointment because there is insufficient evidence to prove that the appointment was made "at the direction" of ABB.

Howser claims that her September 3 appointment was made "at the direction" of ABB because ABB's third-party worker's compensation administrator, Gallagher, scheduled the appointment and directed Howser to attend it. In support of her motion for partial summary judgment, Howser submitted two letters sent by Gallagher concerning the appointment. One letter was sent to Howser's physician and made the following statement: "Please accept this letter as written confirmation that we have now scheduled [Cynthia Howser] for your re-evaluation of her alleged work related injury to her right upper extremity on or about 06-26-02." See Appellant's App. 32. On the same day, Gallagher sent a similar letter to Howser's worker's compensation attorney, which stated: "Please accept this letter as written notification that we have now scheduled your client for a re-evaluation of her alleged injury to her right upper extremity on or about June 26, 2002 . . . . Please advise your client of this appointment and should there be a problem with [her] attending, contact me and I will re-schedule." Id. at 33. The appointment was scheduled for 2:00 p.m. on September 3, 2004, and Howser was instructed to arrive 45 minutes early. These letters tend to establish that Gallagher scheduled the appointment for Howser.

-4-

ABB does not present any specific facts to refute Howser's claim that Gallagher scheduled the appointment. Instead, ABB argues that the above letters contain inadmissible hearsay, and should not have been considered by the district court. However, the statements made by Gallagher in the letters are not hearsay because they are agent admissions. See Fed. R. Evid. 801(d)(2)(D).

Next, ABB argues that it never authorized Gallagher to make an appointment for Howser. It is undisputed that Gallagher is the third-party administrator of ABB's worker's compensation claims. (Reed Dep. 15, Appellee's App. 2; Saak Dep. 32-33, Appellant's App. 51). According to Beverly Reed, an assistant manager at Gallagher, Gallagher is "an extension" of ABB within the context of worker's compensation claims. (Reed Dep. 15, Appellee's App. 2). By virtue of Gallagher's relationship to ABB, Gallagher is an "employer" under the FLSA. See 29 U.S.C. § 203(d) (an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."). Additionally, a U.S. Department of Labor opinion letter lends further support to the conclusion that ABB should be bound by the actions of its worker's compensation administrator. According to the opinion letter, an entity acting on behalf of an employer can bind the employer for purposes of directing medical appointments. The letter explains that "[i]f the employer *or the employer's agent* (insurance carrier) arranged for the employee to see a doctor during the employee's normal working hours, the time spent traveling to and from and visiting the doctor's office would be compensable hours of work." 1987 DOLWH LEXIS 30, at *5 (Sept. 10, 1987). Because Gallagher was acting as ABB's agent when it directed Howser to attend the appointment, ABB must compensate Howser for the time missed.

ABB counters that it has presented specific facts tending to prove that ABB did not instruct Gallagher to schedule any appointments for follow-up treatment for its employees. ABB refers to the deposition testimony of Dena Saak, the plant human

resources manager. In the portion of testimony ABB refers to, Saak explains that she was not responsible for hiring Gallagher, and that she is not involved with the scheduling of follow-up appointments. The fact that Saak was unaware of how the appointments were made at Gallagher certainly does not contradict Howser's evidence that Gallagher made the appointment. Additionally, Saak admits that on occasion, when an employee needs follow-up care, she "will leave a note for the employee that they need to contact Gallagher-Bassett . . . ." (Saak Dep. 29, Appellant's App. 50). Saak's testimony tends to prove that ABB hired Gallagher to administer all aspects of worker's compensation claims, including the scheduling of follow-up medical appointments.

In sum, ABB failed to present specific facts that show a genuine issue for trial. See Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."); Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999) ("While we view the facts in a light most favorable to the non-moving party, mere allegations which are not supported with specific facts are not enough to withstand the motion."). ABB merely denies any role in the scheduling of the September 3 appointment. It did not present any specific facts that contradict Howser's claim that Gallagher scheduled the appointment or that Gallagher is an agent of ABB. The 3.8 hours Howser missed on September 3 to attend her doctor's appointment constitute hours "worked" under the FLSA, and therefore she must be compensated for that time. Because Howser was the only plaintiff involved in the original action that was not compensated for her time missed, the district court appropriately granted summary judgment in her favor.

## B.    Waiver of FLSA Rights

ABB argues that even if the time missed for the September 3 appointment constitute hours "worked," Howser waived those rights when she chose, for whatever reason, to take unpaid leave.  It is well established that FLSA rights are statutory and cannot be waived.  See Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740 (1981); Reich v. Stewart, 121 F.3d 400, 407 (8th Cir. 1997).  There are only two statutory exceptions to this general rule.  First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full.  See 29 U.S.C. § 216(c).  Second, if an employee brings suit directly against a private employee pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have res judicata effect on any subsequent claim for damages.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); Jarrard v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947).  Neither exception applies to the present case.

ABB recognizes that employees generally cannot waive their FLSA rights.  However, it asks the Court to weigh the bargaining power of the parties in this particular case and find that Howser's actions constitute a waiver.  ABB fails to cite to any case that would permit such a judicially-created exception to the general rule against waiver.  We hold that Howser did not waive her right to be compensated for hours "worked" under the FLSA by choosing to take an unpaid excused absence to attend the September 3 appointment.

## C.    Time Spent at the September 3 Appointment

Finally, ABB disputes the number of hours to which Howser claims she is entitled to compensation.  In support of her motion for partial summary judgment, Howser submitted payroll records that reflect a 3.8 hour unpaid absence on September 3, 2004.  ABB argues that because Howser's appointment was scheduled for 2:00 p.m., and her shift ended at 3:30 p.m., "her time spent at the appointment and in transit

thereto would not have exceeded 2.0 hours worked." Appellant's Br. 23. Consequently, ABB suggests that Howser took more time than necessary to attend the appointment.

Not only does ABB ignore the fact that Gallagher instructed Howser to arrive at the appointment at least 45 minutes early, it presents no evidence to support its allegation that Howser took more time off from work than she actually needed to attend the appointment. It did not submit any evidence relating to, for example, the distance between the ABB plant and the doctor's office, what time Howser arrived at the appointment, or how long she actually spent there.[4] As such, ABB failed to create a genuine issue of material fact concerning the amount of time Howser missed while attending the September 3 appointment.[5]

---

[4]In an addendum to its initial brief on appeal, ABB submitted a computer-generated map showing the distance between ABB's plant in Jefferson City and the doctor's office in Columbia. See Appellant's Addendum A28. This map does not necessarily create a genuine issue of material fact, and in any event, it was not submitted to the district court for consideration.

[5]ABB claims that even if the appointment were made at the direction of the company, Howser is not entitled to any compensation because "ABB's payment of overtime to its employees is more generous than what the FLSA requires." Appellant's Br. 23. This argument is waived because ABB did not raise it before the district court. See Woods v. Perry, 375 F.3d 671, 674 n.2 (8th Cir. 2004). In its reply, ABB asserts that it did not waive this argument. It cites to a footnote in its reply brief before the district court, where it had argued that Howser took too much time off to attend the appointment. However, ABB fails to point out where it raised the argument about its "generous" overtime policy.

## IV. CONCLUSION

For the foregoing reasons, the district court's grant of partial summary judgment in favor of Howser and its order concerning attorneys' fees and costs are **AFFIRMED.**

_____