# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1284

_____

|  |  |  |
|---|---|---|
| Elaine L. Chao, Secretary of Labor, | * | |
| United States Department of Labor, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Barbeque Ventures, LLC; Barbeque | * | |
| Ventures of Nebraska, LLC; Old | * | |
| Market Ventures, LLC, d/b/a Famous | * | |
| Dave's, | * | |
| | * | |
| Defendants – Appellants. | * | |

_____

Submitted: September 25, 2008
Filed: November 28, 2008

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Barbeque Ventures, LLC, Barbeque Ventures of Nebraska, LLC, and Old Market Ventures, LLC ("the employers") appeal from a summary judgment for the Secretary of Labor pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207,

215(a)(2). The district court[1] ordered the employers to pay overtime compensation, liquidated damages and post-judgment interest, while denying injunctive relief. The sole issue is whether the district court properly granted liquidated damages. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

I.

Between May 16, 2004 and May 14, 2006, the employers operated five Famous Dave's restaurants in the Omaha area. Four were wholly owned by William Theisen through the company, Barbeque Ventures, LLC. The fifth restaurant was owned by Old Market Ventures, LLC, a company in which Theisen held a 52% majority interest, and Gregory Cutchall the 48% minority interest. Theisen was the controlling manager of the employers.[2]

Theisen and Cutchall are experienced in the restaurant business. For about ten years, Theisen owned five or six Godfather's Pizza restaurants. Cutchall is the current owner of twelve Popeyes Fried Chicken restaurants in the Omaha area. For the past four or five years, Cutchall has maintained a policy that Popeyes' employees may not work at more than one location without prior approval; those working at multiple locations had their hours combined to calculate overtime compensation.

During the relevant period, the Famous Dave's restaurants had no policy prohibiting employees from working at more than one location. Each restaurant manager independently hired and scheduled employees without input from other

---

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2] In March 2006, Cutchall purchased Barbeque Ventures' interest in Old Market Ventures, becoming its sole owner. On January 31, 2007, the four Barbeque Ventures' restaurants were sold to Old Market Ventures.

restaurants or senior management. At least 11 employees applied to a restaurant other than the one at which they presently worked. Three applications specifically list Famous Dave's as the applicant's "present" employer; two of the applications include the name and contact information of the applicant's immediate supervisor. Matt Diamond, the Area Director who oversaw all five restaurants, agreed that for one application, the hiring manager "could tell" that an applicant worked at another Famous Dave's. Diamond also testified that he visited each restaurant about twice per month, and recognized some employees at more than one location.

The employers engaged an independent third-party, Payroll Management Incorporated, to process payroll. Each restaurant manager reported the hours worked by employees to Payroll Management. It then generated employee paychecks and W-2s. There is no dispute that neither the employers nor Payroll Management tracked whether an employee worked at more than one Famous Dave's. As a result, the employers never combined the hours worked by a dual-restaurant employee for overtime purposes.

On October 25, 2006, the Secretary filed a complaint alleging the companies violated the FLSA by not paying 25 persons overtime compensation. On behalf of those employees, the Secretary sought $90,055.67 in unpaid overtime compensation, liquidated damages, post-judgment interest, and an injunction. The Secretary moved for summary judgment, which the district court granted on all issues except for the injunction. The award of liquidated damages is the only issue on appeal. The employers argue that the district court erred in granting summary judgment with respect to whether they: 1) established a good faith defense; and 2) proved reasonable grounds for believing they had not violated the FLSA.

II.

"Summary judgment is a question of law to be reviewed de novo." ***Cross v. Ark. Forestry Comm'n***, 938 F.2d 912, 916 (8th Cir. 1991), *citing* ***Spalding v. Agri-Risk Servs.***, 855 F.2d 586, 588 (8th Cir. 1988). Viewing the evidence and drawing all inferences most favorably to the non-moving party, this court affirms if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-24 (1986), *citing* **Fed. R. Civ. P. 56(c)**. A genuine issue of material fact exists if a reasonable jury could return a verdict for the party opposing the motion. ***Cross***, 938 F.2d at 916.

The FLSA requires that non-exempt employees be paid time and one-half for hours worked in excess of forty hours in a single workweek. **29 U.S.C. § 207(a)(1)**. An employer violating this provision may be liable for unpaid overtime compensation and "an additional equal amount as liquidated damages." *See* **29 U.S.C. § 216(b)**. Liquidated damages are not considered punitive, but are "intended in part to compensate employees for the delay in payment of wages owed under the FLSA." ***Hultgren v. County of Lancaster***, 913 F.2d 498, 509 (8th Cir. 1990), *citing* ***Brooklyn Sav. Bank v. O'Neil***, 324 U.S. 697, 707 (1945).

As originally enacted, section 216's liquidated damages provision was mandatory. In 1947, Congress enacted 29 U.S.C. § 260. That section states that, if the employer shows that its actions were taken "in good faith" and with "reasonable grounds for believing" that they complied with the FLSA, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216 of this title." **29 U.S.C. § 260**; *see* ***Braswell v. City of El Dorado***, 187 F.3d 954, 957 (8th Cir. 1999) ("An award of liquidated damages under § 216(b) is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA."); ***Jarrett v. ERC***

*Props., Inc.*, 211 F.3d 1078, 1084 (8th Cir. 2000) (same).  The employer bears the burden of proving both good faith and reasonableness, "but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).

The "good faith" requirement is a subjective standard where the employer must establish "an honest intention to ascertain and follow the dictates of the FLSA." *Hultgren*, 913 F.2d at 509.  "To carry his burden, a defendant employer must show that he took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions."  *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991).

"To avoid a liquidated damages award . . . the employer must also prove its position was objectively reasonable."  *Hultgren*, 913 F.2d at 509;  *see also Cooper*, 940 F.2d at 908, *quoting Williams v. Tri-County Growers*, 747 F.2d 121, 128 (3d Cir. 1984)  ("The reasonableness  requirement imposes an objective standard by which to judge the employer's conduct.   Ignorance alone will not exonerate the employer . . . .").

A.

The employers argue that they have demonstrated good faith by showing that Theisen and Cutchall did not have knowledge that employees worked at multiple locations.  Lack of knowledge is not sufficient to establish good faith.  *See Cooper*, 940 F.2d at 909 ("[T]he district court's finding . . . that the defendant had not 'knowingly and willfully intended to avoid compliance with the Act' is not by itself enough to support the finding of reasonable good faith."); *Tri-County Growers*, 747 F.2d at 129 ("[T]he employee need not establish an intentional violation . . . . Instead, the employer must affirmatively establish that he acted in good faith by attempting to

ascertain the Act's requirements."). The district court properly found that, given the sophistication of senior management, they were aware that employees may have been working at multiple locations. Cutchall testified that, for the past four or five years, his twelve Popeyes restaurants have maintained a policy that employees working at multiple locations receive proper overtime compensation. The employers' lack-of-specific-knowledge argument fails to meet their burden of showing an "honest intention" to ascertain and follow the FLSA's requirements.

## B.

The employers assert that they have demonstrated good faith by proving that no employees complained about overtime pay. This alone does not satisfy the good faith requirement of the FLSA. "The fact that an employer has broken the law for a long time without complaints from employees does not demonstrate the requisite good faith required by the statute." *Tri-County Growers*, 747 F.2d at 129; *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) ("Nor is good faith demonstrated by the absence of complaints on the part of employees . . . ."); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) ("[T]he fact that [the employee] did not seek overtime pay is irrelevant because [he] cannot waive his entitlement to FLSA benefits.").

The employers argue that the Secretary's failure to allege a "willful" violation further undermines the claim for liquidated damages. Well-established case law rejects the employers' argument. *See S. New England Telecomm.*, 121 F.3d at 71 ("That [the employer] did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith."); *accord Cooper*, 940 F.2d at 909; *Tri-County Growers*, 747 F.2d at 129.

-6-

## C.

The employers also contend that they established good faith by engaging Payroll Management. For purposes of the FLSA, Payroll Management is an "extension" of the employers. *Copeland v. ABB. Inc.*, 521 F.3d 1010, 1013 (8th Cir. 2008) (finding a third-party administrator for worker compensation claims an "employer" under the FLSA), *citing* **29 U.S.C. § 203(d)** (defining the "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). This court has rejected the proposition that delegating the payroll function to a subordinate satisfies the FLSA:

> [T]he mandate of the statute is directed to the employer and he may not escape it by delegating it to others. The duty rests on the employer to inquire into the conditions prevailing in his business. He does not rid himself of that duty because the extent of the business may preclude his personal supervision, and compel reliance on subordinates. He must then stand or fall with those whom he selects to act for him . . . . the duty must be held personal, or we nullify the statute.

*Goldberg v. Kickapoo Prairie Broad. Co.*, 288 F.2d 778, 781 (8th Cir. 1961), *citing People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.*, 225 N.Y. 25 (N.Y. 1918) (Cardozo, J.).

The employers have failed to establish an honest intention to meet the FLSA's requirements under section 260. Because the employers cannot demonstrate good faith, this court need not reach the reasonableness issue.

## III.

The judgment of the district court is affirmed.

_____