# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2507

_____

Stephen C. Hoffmeyer; Anthony Scott Wichlan

*Plaintiffs - Appellants*

v.

Michael Porter, Sergeant, in his individual capacity; Thomas L. Belote, Patrolman, in his individual capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 17, 2014
Filed: July 15, 2014

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Stephen Hoffmeyer and Anthony Wichlan filed this 42 U.S.C. § 1983 suit against Water Patrol Officers Michael Porter and Thomas Belote (collectively, "the officers"), alleging false arrest and retaliation. The case proceeded to trial. After a

jury returned a defense verdict on both claims, the district court[1] denied a motion for a new trial brought by both Hoffmeyer and Wichlan. We affirm.

I

On June 21, 2009, the officers arrested Hoffmeyer for peace disturbance in violation of Mo. Rev. Stat. § 574.101 after Hoffmeyer, while in view of others on a nearby dock, shouted profanity and insults at Porter from the deck of Hoffmeyer's houseboat. The officers also arrested Wichlan, who had joined Hoffmeyer on the deck of the houseboat, for peace disturbance and for resisting arrest in violation of Mo. Rev. Stat. § 575.150. The charges were later dropped.

Hoffmeyer and Wichlan filed suit against the officers, alleging false arrest and unlawful retaliation.[2] Hoffmeyer and Wichlan moved for summary judgment. Partial summary judgment was granted to Hoffmeyer[3] on the issue of liability on the false arrest claim and the case proceeded to trial.[4]

At the close of evidence, the officers moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Hoffmeyer and

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

[2]Hoffmeyer and Wichlan also alleged a claim of malicious prosecution, which they later voluntarily dismissed.

[3]The grant of summary judgment was based on the conclusion probable cause had not existed to arrest Hoffmeyer and Wichlan for peace disturbance. As Wichlan was also arrested resisting arrest, there remained questions of fact whether the officers had probable cause to arrest Wichlan.

[4]The case was initially assigned to a different district court judge, but reassigned to Judge Ross prior to trial.

Wichlan vigorously opposed the motion. The district court denied the officers' motion. However, the district court also vacated the earlier partial grant of summary judgment to Hoffmeyer, concluding the evidence introduced at trial had created genuine questions of material fact whether the officers had probable cause to arrest Hoffmeyer for peace disturbance. The district court ultimately submitted all issues to the jury, which found for the officers on both claims. Hoffmeyer and Wichlan moved for a new trial, arguing, amongst other issues not raised on appeal, the district court's decision to vacate the partial grant of summary judgment had tainted the trial. The district court denied the motion. Hoffmeyer and Wichlan now appeal, challenging the district court's decisions to vacate the partial grant of summary judgment and deny their motion for a new trial.[5]

II

Hoffmeyer and Wichlan first contend the district court erred when it vacated the partial grant of summary judgment on the issue of liability in the false arrest claim. Hoffmeyer and Wichlan claim they were entitled to summary judgment on the issue as a matter of law, arguing the evidence was insufficient for a jury to find the officers had probable cause to arrest them for peace disturbance. As a threshold matter, however, the officers contend we cannot review the district court's decision to vacate the partial grant of summary judgment, arguing Hoffmeyer and Wichlan failed to preserve the issue. We agree.

Parties who appeal contending they were entitled to judgment as a matter of law must preserve the issue by making a Rule 50(a) motion for judgment as a matter of law after the close of the evidence, see Eaddy v. Yancey, 317 F.3d 914, 916 (8th

_____

[5]Hoffmeyer and Wichlan also challenge the district court's failure to sua sponte give a special interrogatory they did not request, asking the court to instruct the district court to give the special interrogatory on remand. Because we conclude remand is not required, we do not address this issue.

Cir. 2003), and a Rule 50(b) renewed motion for judgment as a matter of law after the verdict. Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006); see Linden v. CNH Am., LLC, 673 F.3d 829, 834 (8th Cir. 2012) (limiting necessity of post-judgment motion under Unitherm to sufficiency of the evidence challenges). Hoffmeyer and Wichlan acknowledge they did not make a Rule 50(a) motion at the close of the evidence, but urge the court to treat their opposition to the officers' Rule 50(a) motion as an independent motion. Whether Hoffmeyer and Wichlan made a Rule 50(a) motion is moot, however, because, in any event, they failed to preserve the issue by making a post-judgment Rule 50(b) motion as required.

III

Hoffmeyer and Wichlan next contend the district court abused its discretion in denying their motion for a new trial. A district court has broad discretion when deciding whether to grant a new trial. Douglas Cnty. Bank & Trust Co. v. United Fin. Inc., 207 F.3d 473, 478 (8th Cir. 2000). Accordingly, we give great deference to the district court's ruling on a motion for a new trial. Id. "We review the denial of a motion for a new trial for a 'clear' abuse of discretion, with the key issue being whether a new trial is necessary to prevent a miscarriage of justice." Hallmark Cards, Inc. v. Murley, 703 F.3d 456, 462 (8th Cir. 2013). "Absent error affecting the substantial rights of the parties, neither reversal nor a new trial is required." E.I. du Pont de Nemours & Co. v. Berkley & Co., 620 F.2d 1247, 1257 (8th Cir. 1980).

Hoffmeyer and Wichlan argue a miscarriage of justice would occur if they are not granted a new trial. They primarily contend they were prejudiced by the district court's decision to vacate the pretrial partial grant of summary judgment, arguing it "tainted" the entire trial. To some extent, however, their arguments may be construed as contending the district court erred by submitting to the jury the issue of whether the officers had probable cause to arrest for peace disturbance.

-4-

The district court vacated the pretrial partial grant of summary judgment because it concluded the evidence introduced at trial had created genuine issues of material fact regarding the existence of probable cause to arrest Hoffmeyer and Wichlan for peace disturbance. See Giordano v. Lee, 434 F.2d 1227, 1230 (8th Cir. 1970) (holding existence of probable cause is a question for the jury in § 1983 actions if genuine issues of material fact exist). We agree with the district court. Hoffmeyer and Wichlan offer several arguments there were higher legal standards implicated here for the officers to have probable cause to arrest them for peace disturbance, i.e. insults to officers must be exceptionally provocative to constitute fighting words and the speaker must be in the immediate vicinity of the target to be characterized as delivered face-to-face. See Mo. Rev. Stat. § 574.101.1(b). We note, however, that even under those asserted standards there would still be questions of fact whether Hoffmeyer and Wichlan's actions met the elements of peace disturbance, i.e., whether Hoffmeyer was close enough to Porter for his insults to be considered delivered face-to-face and whether the insults were provocative enough to be considered fighting words.

Assuming for the sake of argument it was error for the district court to vacate the pretrial partial grant of summary judgment, we conclude Hoffmeyer and Wichlan have failed to prove any alleged error affected their substantial rights. Hoffmeyer and Wichlan imply they would have presented their case differently had they anticipated the district court would ultimately vacate the pretrial partial grant of summary judgment. The only issue covered by the pretrial partial grant of summary judgment was the existence of probable cause to arrest Hoffmeyer and Wichlan for peace disturbance. Hoffmeyer and Wichlan presented and argued that issue to the jury. Hoffmeyer and Wichlan point to no specific evidence or argument they did not have the opportunity to present on the issue. Hoffmeyer and Wichlan merely speculate the district court's decision to vacate the pretrial partial grant of summary judgment may have led the jury to improperly find in the officers' favor. We find this unsupported speculation unpersuasive.

No basis exists to conclude the district court abused its considerable discretion in denying the motion for a new trial.

IV

The judgment of the district court is affirmed.

_____