# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-3170

_____

Lori Chavez-DeRemer,[1] Secretary of Labor, United States Department of Labor

*Plaintiff - Appellee*

v.

Alpha & Omega USA, Inc., doing business as Travelon Transportation; Viktor Cernatinskij, an individual

*Defendants - Appellants*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 13, 2024
Filed: April 14, 2025
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

---

[1]Lori Chavez-DeRemer is now Secretary of Labor and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

For the second time, Alpha & Omega USA, Inc., d/b/a Travelon Transportation and its owner (collectively, Travelon) appeal the district court's[2] judgment that Travelon violated the Fair Labor Standards Act's (FLSA) minimum wage, overtime, and record-keeping provisions, and owes $254,628.20 in back wages and liquidated damages to twenty-one drivers. In the first appeal, we reversed the district court's grant of summary judgment, holding several genuine disputes of material fact existed, and therefore judgment in favor of the Secretary of Labor was premature. *See Walsh v. Alpha & Omega USA, Inc.*, 39 F.4th 1078, 1081, 1086 (8th Cir. 2022). After a trial, the district court imposed the same damages award. Travelon appeals, challenging the scope of the trial and arguing the district court committed reversible error when it denied Travelon's motion for judgment as a matter of law and motion for a new trial. This time we affirm.

## I. Background

As described in greater detail in our previous opinion, *Alpha & Omega*, 39 F.4th at 1080–81, a central dispute in this case was whether the drivers Travelon hired to provide non-emergency transportation to customers in the Minneapolis-St. Paul area were independent contractors or employees. At the summary judgment stage, the district court held Travelon's drivers were employees and, consequently, "Travelon had violated the FLSA by failing to pay drivers minimum wage and overtime and not complying with the FLSA's recordkeeping requirements." *Id.* at 1081. "The district court awarded damages in accordance with the Secretary's computation of back wages which it found were reasonable" and "also awarded liquidated damages because Travelon failed to show good faith and reasonable grounds for believing it was not in violation of the FLSA." *Id.*

Travelon appealed the grant of summary judgment, arguing "the district court erred in classifying the drivers as employees under the FLSA, in calculating

---

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

backpay, and in its award of liquidated damages." *Id.* We found it necessary to only resolve the first issue—whether the drivers were employees under the FLSA—holding there were "genuine issues of material fact as to whether an employment relationship existed between Travelon and its drivers." *Id.* Recognizing this issue had been litigated using the multi-factor "economic realities" test, *id.* at 1082, we explained Travelon had "offered evidence from which a rational trier of fact could find the 'control,' 'profits and losses,' and 'integral to business' factors weigh in favor of the drivers being independent contractors." *Id.* at 1083. Thus, we remanded with instructions for the trier of fact to resolve the parties' "competing narratives" regarding these factors "before the district court makes its legal conclusion as to whether an employment relationship existed between Travelon and its drivers." *Id.* at 1086.

On remand, the parties disagreed about the proper scope of the trial and the jury's role in it. The Secretary took the position the jury's role should be limited to deciding factual questions regarding the control, profits and losses, and "integral to business" aspects of the working relationship between Travelon and its drivers. If the district court then determined the drivers were employees, the Secretary urged the district court to simply "adopt its summary judgment order with respect to the remaining issues . . . as the Eighth Circuit did not disturb those findings." Travelon disagreed, arguing genuine disputes of material fact existed in multiple additional areas regarding liability and back wages, the district court was free to revisit its previous summary judgment decisions to the contrary, and the jury should decide those issues. Travelon also asked the district court to revisit its decision imposing liquidated damages. After a pretrial conference, the district court concluded the trial would be limited to the control, profit and losses, and integral to business factors. Further, the district court explained the trial would "not include factual determinations relating to any possible damages in this case" and "[i]f necessary, the court [would] decide the issue of damages post-trial."

A five-day trial ensued. At the close of evidence, the district court submitted three special interrogatories to the jury, asking: (1) "Did Travelon control the manner

-3-

and means in which the drivers performed special transportation services?"; (2) "Did the drivers have opportunities for profit or loss based on their exercise of initiative, managerial skill, and business judgment?"; and (3) "Were the drivers' special transportation services integral to Travelon's business?" The jury found each question in favor of the Secretary, stating "Yes" in response to the first and third questions and "No" to the second question.

With all three of the jury's answers supporting the Secretary's view of the case, the district court concluded as a matter of law that the drivers were indeed employees of Travelon. Accordingly, as it had at the summary judgment stage, the district court determined Travelon had violated the FLSA's minimum wage, overtime, and recordkeeping provisions. Regarding damages, the district court determined further briefing on the issue was unnecessary because it found "no basis on which to revisit its previous damages determination" made at the summary judgment stage. The district court reasoned the Eighth Circuit mandate did not require further review "and nothing that occurred before or during trial affected the court's previous ruling in that regard." The district court thus imposed a damage award of $254,628.20, with half of the amount being back wages and the other half liquidated damages.

Travelon moved for judgment as a matter of law under Rule 50(b) or alternatively a new trial under Rule 59. The district court denied the motion. The district court explained "the jury had ample evidence to support its findings" and there was "no basis to reverse the jury's determination." The district court also rejected Travelon's arguments that it had improperly limited the scope of the trial, that its jury instructions were defective, and that its award of back pay and liquidated damages was defective.

## II. Analysis

On appeal, Travelon argues the district court improperly limited the scope of the trial and wrongly denied its post-trial motion for judgment as a matter of law or, in the alternative, a new trial.

### A.

We first consider Travelon's argument the district court improperly limited the scope of the trial. According to Travelon, the district court misinterpreted our mandate from its earlier appeal, which led it to erroneously prevent the jury from deciding relevant questions. Travelon claims the jury should have answered questions about the economic realities test factors that were not analyzed in our previous opinion, other factors relevant to the employment relationship issue, whether Travelon knew or should have known drivers were working overtime, and the amount of back wages owed to the drivers.

"When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must adhere to any limitations imposed on its function . . . by the appellate court." *United States v. Castellanos*, 608 F.3d 1010, 1016 (8th Cir. 2010) (cleaned up) (quoting *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995)). This is true for any question the appellate court answered expressly or implicitly. *See In re Tri-State Fin., LLC*, 885 F.3d 528, 533 (8th Cir. 2018). "The mandate of the appellate court is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue that was not expressly or impliedly disposed of on appeal." *Id.* at 533 (quoting *In re Usery*, 242 B.R. 450, 457 (8th Cir. B.A.P. 1999)).

In discussing the scope of the trial during a pretrial conference, the district court focused on the paragraph from our opinion introducing our analysis of the economic realities test factors, where we stated:

Here, the district court resolved the case by granting summary judgment to the Secretary, thus indicating there were no material factual disputes. We disagree. Viewing the evidence in the light most favorable to Travelon, issues of material fact remain as to the working relationship between Travelon and its drivers. Specifically, Travelon has offered evidence from which a rational trier of fact could find the "control," "profits and losses," and "integral to business" factors weigh in favor of the drivers being independent contractors. For this reason, we remand the case so these factual disputes can be resolved by the ultimate trier of fact.

*Alpha & Omega*, 39 F.4th at 1083. From this language, the district court interpreted the mandate to direct it to try *only* those three economic issues. The district court explained our discussion in the first appeal implicitly rejected Travelon's contention that *other* genuine disputes of material fact needed the jury's attention. As it relates to the other economic realities test factors, the district court's interpretation of our mandate is a fair one. By outlining all six factors and concluding three of those factors had material factual disputes imbedded within them, we arguably implied no such factual disputes prevented resolution of the other factors.

But regardless, this would not end our analysis because the district court's decision to limit the scope of the trial also prevented the jury from deciding other issues Travelon has consistently argued were wrongly decided in favor of the Secretary at summary judgment. These include whether Travelon had actual or constructive knowledge that the drivers worked overtime and the back wages Travelon owed the drivers. We expressly *did not* decide these issues in the first appeal, explaining it was unnecessary in light of our holding that genuine issues of material fact existed "as to whether an employment relationship existed between Travelon and its drivers[.]" *Alpha & Omega*, 39 F.4th at 1081. But neither did we *require* the district court to revisit its decisions at the summary judgment stage that there was an absence of material facts in dispute on these issues.

As Travelon acknowledges, we review for an abuse of discretion the district court's decision to revisit its previous summary judgment rulings in this case. *See In re Tri-State Fin.*, 88 F.3d at 533 ("Law of the case is a doctrine of discretion, and thus, we review for an abuse of discretion a lower tribunal's decision not to defer to previous rulings in the same case." (quoting *Estrada-Rodriguez v. Lynch*, 825 F.3d 397, 402 (8th Cir. 2016))). Travelon claims the district court abused its discretion by declining to "reconsider[] all of its summary judgment rulings on the bases of [a fully developed] trial record." But there did not exist a fully developed trial record at the time the district court limited the scope of the trial. Instead, there was a summary judgment record. And in this appeal, Travelon does not develop a meaningful argument based on the *summary judgment record* that the district court abused its discretion by refusing to revisit the parts of the summary judgment order on which we were silent. We thus evaluate the scope-of-trial argument within the context of the denial of Travelon's motion for a new trial.

"We review the district court's denial of a motion for a new trial 'for a clear abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice.'" *Wallace v. Pharma Medica Rsch., Inc.*, 78 F.4th 402, 405 (8th Cir. 2023) (quoting *Bamford, Inc. v. Regent Ins. Co.*, 822 F.3d 403, 410 (8th Cir. 2016)); *see also Hoffmeyer v. Porter*, 758 F.3d 1065, 1067–68 (8th Cir. 2014) (explaining the "district court has broad discretion when deciding to grant a new trial" and so "we give great deference to the district court's ruling on a motion for a new trial"). "A new trial is appropriate only when the 'aggrieved party proves prejudice, meaning that the result at trial would have been different if not for the district court's error.'" *Wallace*, 78 F.4th at 405 (quoting *Acuity v. Johnson*, 776 F.3d 588, 596 (8th Cir. 2015)); *see also Hoffmeyer*, 758 F.3d at 1068 (explaining a new trial is not required in the absence of an effort affecting the substantial rights of the parties).

Travelon has failed to establish any prejudice from the district court's refusal to overturn the undisturbed decisions in its summary judgment order. At least as to liability, Travelon acknowledges it was able to introduce all the evidence it wanted

to at trial. And Travelon has failed to show the results would have been different had the jury been permitted to decide these issues. Without showing prejudice, Travelon has failed to establish a miscarriage of justice.

**B.**

We next address Travelon's challenge to the district court's decision to deny the Rule 50(b) motion for judgment as a matter of law, contending there was no legally sufficient evidentiary basis for a reasonable jury to find for the Secretary in its special verdict. As a reminder, in that special verdict, the jury found: (1) Travelon controlled the manner and means in which the drivers performed special transportation services; (2) the drivers did not have opportunities for profit or loss based on their exercise of initiative, managerial skill, and business judgment; and (3) the drivers' special transportation services were integral to Travelon's business.

"We review the denial of a motion for judgment of law *de novo*, using the same standard as the district court." *Major Brands, Inc. v. Mast-Jägermeister US, Inc.*, 121 F.4th 661, 666 (8th Cir. 2024). Like the district court, we view the evidence in the light most favorable to the jury verdict. *See Meier v. City of St. Louis*, 78 F.4th 1052, 1057 (8th Cir. 2023). And through that lens, we agree with the district court there is "ample evidence to support [the jury's] findings." Multiple drivers testified about their experiences with Travelon where the company heavily controlled the manner and means in which the drivers performed their services, the drivers had little ability to impact their profits and losses, and the drivers' services were integral to Travelon's business. While Travelon put on its own contrary evidence telling a different story, the jury was free to pick between the competing narratives. We will not disturb the jury's answers to the special interrogatories under these circumstances. The district court did not err in denying Travelon's motion for judgment as a matter of law.

## C.

We finally address Travelon's argument the district court abused its discretion by denying its motion for a new trial. Many of Travelon's arguments in support of its motion for a new trial fail in light of our conclusion the district court did not abuse its discretion in limiting the scope of the trial. But Travelon advances three additional arguments independent from its scope-of-trial arguments. None convince us a new trial is warranted.

### 1.

Echoing its argument in favor of judgment as a matter of law, Travelon first argues it is entitled to a new trial because the jury's verdict was against the weight of evidence. We disagree. "Denial of a motion for a new trial where the moving party argued the evidence was insufficient to support the verdict is 'virtually unassailable' on appeal, and should be reversed 'only if the evidence weighs heavily against the verdict.'" *Gruttemeyer v. Transit Auth. of City of Omaha*, 31 F.4th 638, 646 n. 5 (8th Cir. 2022) (quoting *White Commc'ns, LLC v. Synergies3 Tec Servs., LLC*, 4 F.4th 606, 613–14 (8th Cir. 2021)). As explained above, there was sufficient evidence to support the jury's choice between the competing narratives. *See also Alpha & Omega*, 39 F.4th at 1086 (explaining both parties had shown evidence supporting their competing theories). We will not disturb the jury's findings under these circumstances.

### 2.

Travelon argues a new trial is warranted because the district court misstated the law in Jury Instruction No. 10.[3] The challenged instruction, which related to the

---

[3]In support of a new trial, Travelon advances several other challenges to the district court's jury instructions and special interrogatories. Specifically, it claims the district court erred by omitting instructions related to the economic-realities factors not presented to the jury, as well as an instruction regarding the definition of

control-factor of the economic realities test, stated "You are required to determine the degree of control Travelon exercised over its drivers, not why Travelon exercised that degree of control." Travelon contends this wrongly permitted the jury to include the company's efforts to insure the drivers complied with certain laws and regulations in its consideration of Travelon's control over the drivers. According to Travelon, its efforts to comply with federal law should not be considered evidence of its control for purposes of the economic realities test. By taking *why* Travelon exercised control in these regulatory matters off the table, Travelon argues Instruction No. 10 "unfairly tipped the scale in the Secretary's favor regarding the control factor." We are unconvinced.

"Our review is limited to determining 'whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and accurately submitted the issues to the jury.'" *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 461 (8th Cir. 2016) (quoting *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1054 (8th Cir. 2006)). A district court has "broad discretion in the form and language it uses" to instruct the jury and "[a] district court abuses its discretion in denying a new trial based on erroneous jury instructions only if 'the errors misled the jury or had a probable effect on the jury's verdict.'" *Id.* (quoting same). Further, "[w]e will not reverse a jury verdict unless an erroneous instruction affects a party's substantial rights." *Id.*

Travelon has failed to establish the challenged instruction here was legally incorrect. The jury needed to decide *whether*—not *why*—Travelon exercised control over the drivers. And the instruction did not *forbid* the jury from considering Travelon's argument that the government was controlling both the company and its drivers in certain regulatory obligations. Indeed, Travelon argued this point to the

---

"hours worked" and a special interrogatory asking whether Travelon should have known the drivers worked more than forty hours per week. The omitted proposed instructions and interrogatory all relate to issues the district court determined were outside the scope of the jury trial. Because we affirm the decision to so limit the trial, we conclude these challenges to the jury instructions do not warrant a new trial.

jury, both in its opening and closing arguments. Moreover, the Secretary's argument in favor of Travelon's control of the drivers focused mostly on matters unrelated to regulatory requirements. Thus, even if Travelon could show the instruction was legally wrong, it could not show the instruction had a probable effect on the jury's verdict or affected Travelon's substantial rights.

### 3.

We finally address Travelon's request that we reverse the district court's denial of its motion for a new trial because it was not given the opportunity to fully present evidence in opposition to liquidated damages. Specifically, Travelon argues it should have had the opportunity to introduce evidence of decisions by the Minnesota Department of Employment and Economic Development in which the state agency concluded two past drivers were independent contractors. Travelon points out the district court had twice stated it would allow for the admission of such evidence for purposes of determining liquidated damages—first when granting the Secretary's motion in limine to exclude these decisions as trial evidence, and then in its order limiting the scope of the trial. According to Travelon, the district court erred by disregarding these past orders and deciding to award liquidated damages without giving Travelon the opportunity to introduce this evidence and relitigate whether liquidated damages were appropriate.

We conclude that if there was any error in the district court's decision to change course and decide the issue of liquidated damages without additional evidence or argument, it did not constitute a miscarriage of justice requiring a new trial. This is largely because the district court had seen and considered this evidence at the summary judgment stage. Indeed, Travelon offered copies of these decisions in opposition to the Secretary's motion for summary judgment. In its summary judgment order, the district court explained why these state administrative decisions did not impact its conclusion that liquidated damages were appropriate. It is unsurprising then that, when denying Travelon's motion for a new trial, the district court rejected Travelon's argument that a new trial was needed so it could

-11-

reintroduce this evidence and argue against liquidated damages. The district court explained that it had "considered whether to allow further discussion regarding that issue," but "ultimately determined that doing so would be unhelpful given . . . no new facts relevant to that issue had arisen post-summary judgment." Considering the high bar an employer must meet to defeat liquidated damages for violation of FLSA's overtime provisions, *see* 29 U.S.C. §§ 216(b), 260; *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941–42 (8th Cir. 2008), we cannot say the district court's decision to rely on its summary judgment order resulted in a miscarriage of justice.

## III. Conclusion

We affirm the district court's judgment.

_____